JUDGE DANIELS

14 CV 7011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRIAN RAMOTAR, on behalf of himself and all
others similarly-situated,

                      Plaintiff,

    -against-

LIGHTENING ROADSIDE ASSISTANT, CORP.,
d/b/a LIGHTENING ROADSIDE, and STUART HORNIK,
in his individual and professional capacities,

                      Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

<u>Jury Trial Demanded</u>

RECEIVED
AUG 27 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Brian Ramotar ("Plaintiff"), on behalf of himself and all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against LIGHTENING ROADSIDE ASSISTANT, CORP. d/b/a LIGHTENING ROADSIDE ("Defendant Lightening"), and STUART HORNIK, in his individual and professional capacities (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF THE CASE**</u>

1.     This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); (v) the requirement that employers pay wages in accordance

with the agreed terms of employment pursuant to NYLL §§ 190, 191, and 663(1); (vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL, N.Y. Lab. Law § 195(3); (vii) the requirement that employers furnish employees with wage notices annually and at the time of hire containing specific categories of information under the NYLL, N.Y. Lab. Law § 195(1)(a); and (viii) any other claims(s) that can be inferred from the facts set forth herein.

2.     Defendant Lightening is an automotive roadside assistance service located in Levittown, New York. Defendant Hornik is the owner and Chief Executive Officer of Defendant Lightning, who controls and operates Defendant Lightening on a day-to-day basis.

3.     From November 2013 through April 2014, Plaintiff provided automotive maintenance to stranded motorists for Defendants.  Throughout his employment, Plaintiff worked seventy-two hours over the course of six days each week.  However, Defendants did not pay Plaintiff for the hours worked in excess of forty at either his statutorily-required overtime rate, straight-time rate, or even at the minimum wage rate of pay for those hours, as the FLSA and NYLL require.  In addition, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday, nor did they provide Plaintiff with wage notices at the time of hire or annually as the NYLL requires.

4.     Defendants paid and treated all of their non-managerial employees in this same manner.

5.     Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

2

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor's regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff is and was a resident of Bronx, New York, and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

10.     At all relevant times herein, Defendant Lightening was and is a domestic corporation organized under the laws of the State of New York with its principal place of business located at 24 Wolcott Road, Levittown, New York 11756.

11.     At all relevant times herein, Defendant Hornik was the owner and Chief Executive Officer of Defendant Lightning.  At all relevant times herein, Defendant Hornik made all managerial decisions on behalf of Defendant Lightning, including all matters relating to compensation and rates and methods of pay, with respect to Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs, as those terms are defined below.

12.     At all relevant times herein, Defendants are "employers" and within the meaning of the FLSA and NYLL.  Additionally, the Defendants' qualifying annual business exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA as they purchased and routinely work with products and supplies provided by outside vendors in the course of their business that originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are individually engaged in interstate commerce, as they all handle and work with goods that have been and continue to be moved in interstate commerce.  This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wage compensation, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf as well as those in the following collective action:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them for each hour worked ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner;

were required to work in excess of forty hours each workweek; were not permitted to record all of their hours worked; were not paid at an amount equal to the minimum hourly required rate of pay for each hour worked; and were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay for all hours worked, as well as the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

16.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, or at the minimum wage rate for each hour worked.

## RULE 23 CLASS ALLEGATIONS

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendants subjected to violations of the NYLL.

18.     Under the FRCP 23(b)(3), a plaintiff must plead that:

a.     The class is so numerous that joinder is impracticable;

b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.     Claims or defenses of the representative are typical of the class;

d.     The representative will fairly and adequately protect the class; and

e.     A class action is superior to other methods of adjudication.

19.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees of Defendants who performed any
work for Defendants as non-managerial employees during the
statutory period within the State of New York who: (1) did not
receive compensation at the legally-required minimum rate of pay
for each hour worked; (2) worked in excess of forty hours per
week without receiving overtime compensation for each overtime
hour worked; (3) were not paid at their respective straight-time
rates of pay for each hour worked; (4) were not issued accurate or
any paystubs/wage statements on each payday containing the
information required by N.Y. Lab. Law § 195(3); and/or (5) were
not issued wage notices annually or at time of hire containing the
information required by N.Y. Lab. Law § 195(1)(a) ("Rule 23
Plaintiffs").

<u>Numerosity</u>

20.     During the previous six years Defendants have, in total, employed at least forty

non-managerial employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21.     There are questions of law and fact common to each and every Rule 23 Plaintiff

that predominate over any questions solely affecting individual members of the FRCP 23 class,

including but not limited to the following: the duties that Defendants required and require each

Rule 23 Plaintiff to perform; whether Defendants denied Rule 23 Plaintiffs compensable time for

all hours worked; the manner of compensating each Rule 23 Plaintiff; whether Defendants

required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether

Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of

one and one-half times their respective regular rates of pay for all hours worked per week in

excess of forty or at  one and one-half times the minimum wage rate for those hours, if greater;

whether the Defendant compensated Rule 23 Plaintiffs at the minimum wage rate for each hour

worked; whether Defendants compensated Rule 23 Plaintiffs at their respective straight-time rate

of pay for all hours worked pursuant to the terms of employment; whether Defendants furnished and furnish accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether Defendants furnished and furnish Rule 23 Plaintiffs with wage notices annually or at the time of hire; whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL; if so, whether the Defendants' violations were in willful violation of the NYLL; and if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22.      As described in the "Background Facts" section below, Defendants employed Plaintiff as non-managerial employees.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants and were not paid at the required overtime rates for all hours worked in excess of forty hours, or at their straight-time rates or the minimum wage rate for each hour worked. Moreover, Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seeks to represent, as Defendants failed to furnish Rule 23 Plaintiffs with accurate and/or complete wage statements on each payday as the NYLL requires, nor did they provide Rule 23 Plaintiffs with wage notices at the time of hire or annually as also required by the NYLL.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to be paid at the required minimum wage for all hours worked; to be paid at the required overtime rate for all hours worked in excess of forty hours; to be paid for every hour worked in accordance with the agreed terms of

employment; to be furnished with accurate wage statements on each payday; and to be furnished with wage notices at the time of hire and annually. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not compensate Plaintiff at the required overtime rate for all hours worked in excess of forty hours, or at the minimum wage or straight-time wage for all hours worked, and did not provide Plaintiff with accurate wage statements on each payday or with wage notices annually or at time of hire, which is substantially similar to how Defendants treated Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

24.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by a non-managerial employee of the Defendants would be identical to a suit brought by any other employee for the same violations.   Thus, separate litigation would risk inconsistent results.

26.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

### BACKGROUND FACTS

28.     Defendant Hornik controls, owns, operates, and makes all managerial decisions on behalf of Defendant Lightening, including those with respect to the manner and rates of compensating employees and the hours that the Defendants require their employees to work.

29.     Defendant Hornik has final say over all managerial decisions and exercises that authority on a daily basis with respect to Defendant Lightening.

30.     Defendant Lightening is an automotive roadside assistance provider located at 24 Wolcott Road, Levittown, New York 11756.

31.     Plaintiff's employment at Defendant Lightening spanned from in or around November 2013 until in or around April 2014.

32.     Plaintiff worked for Defendants as a roadside technician with his principal responsibilities being to perform emergency automotive repair for stranded motorists.   Plaintiff worked for Defendants solely within the state of New York.

33.     During Plaintiff's shift, Defendants would dispatch Plaintiff to aid a customer in need of service.   Further, Defendants would direct Plaintiff on the nature of the services that

needed to be rendered. As a result, Plaintiff would drive to the location and provide the service requested by Defendants. Plaintiff had no discretion to decline or accept an assignment.

34.     Throughout Plaintiff's entire period of employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, seventy-two hours per week, all for Defendants' benefit. To work these hours, Plaintiff worked six days per week.

35.     Specifically, Defendants required Plaintiff to work six twelve hour shifts each week, from 7:00 p.m. to 7:00 a.m. Defendants did not allow Plaintiff to vary his schedule, nor did they permit him to take scheduled or uninterrupted breaks during his shift.

36.     Defendants paid Plaintiff $720 per week, with amount meant to cover only Plaintiff's first forty hours worked per week. As a result, Plaintiff's hourly rate for his first forty hours worked each week computes to $18 per hour, making his overtime rate $27 per hour. The Defendants did not pay Plaintiff at any rate of pay for any hours that he worked per week in excess of forty.

37.     Throughout Plaintiff's entire employment with Defendants, Defendants paid Plaintiff weekly via personal check. In doing so, Defendants intentionally did not furnish Plaintiff with a weekly wage statement that accurately listed all of the following: the dates of work covered by that payment of wages; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; and net wages.

38.     Moreover, Defendants intentionally did not provide Plaintiff with a wage notice at time of hire or annually that accurately detailed: the rate of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission; the name of the employer; any

"doing business as" names used by the employer; the physical address of the employer's main office or principal place of business; and the telephone number of the employer.

39.    Defendants did not record and did not permit Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs to record all of their hours worked.

40.    Defendants acted in this reckless manner in an effort to maximize their profits and minimize labor costs.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

41.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

43.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

45.    The Defendants' actions were in willful violation of the FLSA.

46.    Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or at the rate of one and one-half times the minimum wage rate, if greater.

47.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

48.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.  Minimum wage under the FLSA during all relevant times was $7.25 per hour.

50.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51.     As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

52.     Defendants' actions were willful violations of the FLSA.

53.     Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Defendants pursuant to the FLSA's minimum wage provisions.

54.     Plaintiff and FLSA Plaintiffs are entitled to liquidated damages, attorneys' fees, and costs for Defendants' violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINT DEFENDANTS
### *Unpaid Overtime under the NYLL*

55.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL § 160 requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

57.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

58.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's overtime provisions.

59.     The Defendants' actions were in willful violation of the NYLL.

60.     Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at one and one-half times their regular rates of pay, or at the rate of one and one-half times the minimum wage rate, if greater.

61.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violation of the NYLL's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL*

62.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.  When Plaintiff began his employment, minimum wage under the NYLL was $7.25 per hours.  However, on January 1, 2014, the minimum wage under the NYLL increased to $ 8 per hour.

64.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

65.     As also described above, Defendants did not compensate Plaintiff and Rule 23 Plaintiffs at the minimum hourly rate required by the NYLL for all hours worked.

66.     The Defendants' actions were in willful violation of the NYLL.

67.    Plaintiff and Rule 23 Plaintiffs are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the NYLL's minimum wage provisions.

68.    Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violations of the NYLL's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Wages in Violation of the NYLL*

69.    Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

70.    NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

71.    Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs at their regular rates of pay for each hour that they worked in accordance with their terms of employment.

72.    Defendants' actions were in willful violation of the NYLL.

73.    Plaintiff and Rule 23 Plaintiffs are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but for which they were not compensated.

74.    Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorney's fees, and costs for Defendants' failure to pay wages in accordance with the agreed terms of employment.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

75.    Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

14

76.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

77.     As described above, Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs on each payday with accurate wage statements containing the criteria required under the NYLL.

78.     Pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

79.     For their failures, besides the statutory penalties, Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages, attorneys' fees, and costs.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Annual Wage Notices in Violation of the NYLL*

80.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81.     N.Y. Lab. Law § 195(1)(a) requires that employers furnish employees with a wage notice at the time of hire and on an annual basis containing accurate and specifically enumerated criteria.

82.     As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under NYLL.

83.     Pursuant to N.Y. Lab. Law § 198(1-b), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each failure of this sort.

84.     For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages and attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

85.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

A.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

D.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E.      Certification of the claims brought in this case under the NYLL as a class action pursuant to Federal Rule of Civil Procedure 23;

F.      Designation of Plaintiff Ramotar as representative of the Class and counsel of record as Class Counsel;

G.     All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

H.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

I.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff Ramotar;

J.     Pre-judgment and post-judgment interest, as provided by law; and

K.     Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
   August 25, 2014

        Respectfully submitted,

        BORRELLI & ASSOCIATES, P.L.L.C.
        *Attorneys for Plaintiff*
        1010 Northern Boulevard, Suite 328
        Great Neck, New York 11021
        Tel.:   (516) 248 – 5550
        Fax.:   (516) 248 – 6027

By:    _____
        ADAM A. BIGGS (AB 1228)
        ALEXANDER T. COLEMAN (AC 1717)
        MICHAEL J. BORRELLI (MB 8533)