USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 1 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

BRIAN RAMOTAR, *on behalf of himself and all others similarly-situated*,

      Plaintiff,

-against-

LIGHTENING ROADSIDE ASSISTANT, CORP., d/b/a LIGHTENING ROADSIDE, and STUART HORNIK, *in his individual and professional capacities*,

      Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

14 Civ. 7011 (GBD)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Brian Ramotor brings this action on behalf of himself and all others similarly situated against Defendants Lightening Roadside Assistant Corp. d/b/a Lightening Roadside ("Lightening") and Stuart Hornik, alleging violations of the Fair Labor Standards Act ("FLSA") and New York state law. Plaintiff claims that Defendants (i) denied him and other roadside assistance technicians minimum wage, straight time, and overtime, and (ii) did not furnish their technicians with the requisite wage notices and wage statements. (Compl., ECF No. 1.) Before this Court is Plaintiff's motion for conditional certification and notice pursuant to 29 U.S.C. § 216(b). (ECF No. 20.) Plaintiff's motion to conditionally certify an FLSA collective action is GRANTED. Permission to issue Plaintiff's proposed "Court Authorized Notice of Lawsuit" is likewise GRANTED, subject to Plaintiff implementing the changes identified in this Order.

## CONDITIONAL CERTIFICATION

An employee may redress violations of the FLSA by filing an action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). To become a party plaintiff, written consent "filed in the court in which such action is brought" is required. *Id.* This district "ha[s] adopted a two-step 'conditional certification' process of facilitating notice to potential plaintiffs who may wish to join a pending FLSA suit." *Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 516 (S.D.N.Y. 2014) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010), *cert. denied*, 132 S. Ct. 368 (2011)). First, the court "mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a[n] FLSA violation has occurred." *Myers*, 624 F.3d at 555. At this stage, a plaintiff need only make "a 'modest factual showing'" that he and other potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). The standard of proof is "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (emphasis original); *see also McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) ("In application, courts recognize that the standard for the first step, conditional certification or 'notice', is a lenient one."). Second, "on a fuller record," the court then decides whether the opt-in plaintiffs in the collective action are in fact similarly situated to the named plaintiffs, and "de-certifie[s]" the class "if the record reveals that they are not." *Myers*, 624 F.3d at 555.

The instant motion only implicates the first step of the *Myers* inquiry. The proposed FLSA class consists of "current and former non-managerial roadside assistance technicians of Defendant [Lightening] who did not receive overtime or minimum wage compensation." (Mem.

2

of Law ("Mem.") at 1, ECF No. 21.) Here, Plaintiff sufficiently satisfies the "low" burden of showing that he and other technicians were similarly situated with regard to the FLSA violations alleged. *See Myers*, 624 F.3d at 555.

According to the Complaint, Defendants did not properly compensate Plaintiff "at either his statutorily-required overtime rate, straight-time rate, or even at the minimum wage rate," and "all" of Defendants' "non-managerial employees" were paid and treated the same way.[1] (*See* Compl. ¶¶ 3-4, 14-16, 36.) Plaintiff is also personally aware of two individuals ("Chris" and "Jones") with whom he worked who did not receive overtime pay. (Declaration of Michael R. Minkoff ("Minkoff Decl.") Ex. 2 ¶ 8, ECF No. 22); *cf. Guo Qing Wang v. H.B. Rest. Grp., Inc.*, No. 14-cv-813 (CM), 2014 WL 5055813, at *4 (S.D.N.Y. Oct. 7, 2014) (observing that courts have "routinely" authorized conditional certification "based on the plaintiff's affidavit declaring [he has] personal knowledge that other coworkers were subjected to similar employer practices"). Plaintiff further submits deposition excerpts from non-party technicians to support the alleged common policy of underpayment, as Plaintiff and these technicians (1) performed identical responsibilities;[2] (2) received their job assignments from one central dispatch location; (3) displayed the same magnet on their vehicles as a means of identification when arriving to

---

[1] Plaintiff was not paid "for hours worked over forty hours in a week." (Declaration of Michael R. Minkoff ("Minkoff Decl.") Ex. 2 ¶ 3, ECF No. 22.) Other roadside assistance technicians also maintained regular working schedules of over forty hours per week but were only paid on a per-job basis. (*See* Mem. at 11-12; *see also* Minkoff Decl. Ex. 3 at 25:25-26:12 ("8 a.m. to 5 p.m." from "Monday through Saturday"); *id.* Ex. 4 at 40:23-41:10 ("Monday through Saturday, 7 [a.m.] to 3 [p.m.]" and "Sunday 7 [a.m.] to 1 [p.m.]"); *id.* Ex. 5 at 27:25-28:6 ("6:00 in the morning to 6:00 at night, six days a week").)

[2] Plaintiff describes his job responsibilities as: "changing flat tires; performing 'lock-outs' for customers who were locked out of their cars; performing jump starts on broken down vehicles; and delivering fuel to vehicles that ran out of gas." (Minkoff Decl. Ex. 2 ¶ 6; *accord id.* Ex. 3 at 20:15-20 (non-party technician listing the same job duties); *id.* Ex. 4 at 40:5-10 (same); *id.* Ex. 5 at 25:11-16 (same).)

3

render assistance; and (4) completed and returned to Defendants the same or similar paperwork to be compensated for job assignments. (*See* Mem. at 9-10.)

Defendants oppose conditional certification on the grounds that Plaintiff is not similarly situated to the technicians he seeks to represent. (Opp'n at 3-4, ECF No. 23.) Defendants proffer competing affidavits suggesting that the terms and conditions of Plaintiff's employment, including the alleged condition of unpaid overtime, were different than that of other roadside assistance technicians. (*See* Affidavit of Stuart Hornik Ex. A ¶ 11, ECF No. 24 ("I am not required to work or be available [for] any set hours"); *id.* ¶ 7 ("I am free to reject or accept any call from Lightening").) During the first step, however, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *McGlone*, 867 F. Supp. 2d at 442 (citation and internal quotation marks omitted). Defendants therefore concede, as they must, that "it would be inappropriate [for this Court] to determine any factual contradictions between Plaintiff and the other affiant technicians." (*See* Opp'n at 2 n.1.) Because "[P]laintiff's allegations are sufficient on their face to support conditional certification," Defendants "may not defeat the . . . motion by presenting conflicting factual assertions." *See Mark v. Gawker Media LLC*, No. 13-cv-4347 (AJN), 2014 WL 4058417, at *8 (S.D.N.Y. Aug. 15, 2014) (quotation omitted). Accordingly, this case is conditionally certified as a collective action under 29 U.S.C. § 216(b).

## PROPOSED NOTICE AND ITS CONTENTS

Defendants raise five objections to Plaintiff's proposed notice[3] regarding the collective action.

---

[3] The proposed notice is attached as Exhibit 6 to the Minkoff Declaration.

4

First, Defendants rely on mostly out-of-circuit case law to argue that a reminder notice to be issued within thirty days of the opt-in period deadline would improperly "create confusion as to the Court's view of this action." (*See* Opp'n at 4-6.) A reminder notice, however, is appropriate given that "notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." *Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012).

Second, Defendants dispute the following sentence in the proposed notice: "Defendants deny any wrongdoing and/or liability and maintain that all of their employees were paid in accordance with federal and state law." (*See* Minkoff Decl. Ex. 6 at 2.) Defendants contend this language misrepresents their position that all of their independent contractors—as opposed to "employees"—were properly compensated.[4] (Opp'n at 6.) The Defendants' position, however, is adequately stated because "both parties receive equal treatment in the [p]roposed [n]otice." *See Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629(KPF), 2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013) (denying the defendants' request that the final notice "state their position on the merits"). Nonetheless, given that Plaintiff refers to the potential class members as "Roadside Assistance Technicians" in the preceding paragraph, Plaintiff is directed to change "employees" to "Roadside Assistance Technicians" in the sentence identified above.

Third, Defendants argue that the proposed notice fails to include contact information for their counsel. (Opp'n at 7.) The "request to include defense counsel's contact information is . . . reasonable, and the notice should be so amended." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).

---

[4] Defendants further argue that the anti-retaliation provision of proposed notice, which specifically references discharge, is deficient and unfair because "discharge is not an option for an independent contractor." (Opp'n at 6.) The proposed notice, however, broadly notes that federal law "prohibits Defendants from discharging *or in any other ma[nn]er retaliating against*" potential opt-in plaintiffs. (*See* Minkoff Decl. Ex. 6 at 3 (emphasis added).)

5

Fourth, Defendants note that they will need more than the twenty-one days proposed by Plaintiff to compile a list with all of the relevant contact information for their technicians. (Opp'n at 7.) The request for additional time is reasonable and not disputed by Plaintiff, and is hereby granted.

Finally, Defendants argue that the ninety-day response period to the proposed notice is "overly long," and that sixty days should suffice. (Opp'n at 2.) "[C]ourts have granted up to 90 day opt-in periods" when "special circumstances require an extended opt-in period." *Whitehorn*, 767 F. Supp. 2d at 452. Although technicians travel locally on a daily basis for their jobs (*see* Reply at 9), there is no indication that the extent of this travel would qualify as a special circumstance which would otherwise prevent potential class members from responding to the notice within sixty days. *See Whitehorn*, 767 F. Supp. 2d at 452 (emphasis added) (quoting *Fang v. Zhuang*, No. 10-CV-1290 (RRM)(JMA), 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010) (Azrack, Mag. J.)) (noting a ninety-day opt-in period was warranted in *Fang* "in light of the frequent, *long-term international* travel of many of the prospective plaintiffs" in that case). Thus, potential class members may consent to join this action within sixty days of the date of the notice.

Defendants present no other objections to Plaintiff's requests concerning the proposed notice. Accordingly, it is ORDERED that Defendants shall:

- produce a list, in electronic format, within forty-five days of the date of this Order of all persons who worked for Defendants as Roadside Assistance Technicians at any point between August 27, 2011 and the present, including their: names, addresses, telephone numbers, email addresses, and dates of employment; and
- post in a conspicuous place the notice and consent forms in both English and Spanish.

It is further ORDERED that Plaintiff, subject to the implementation of the changes ordered herein, is authorized:

- to send the proposed notice and consent forms in English and Spanish to potential collective action members; and
- to send a reminder notice to potential collective action members thirty days prior to the close of the sixty-day opt-in period.

## CONCLUSION

Plaintiff's motion to conditionally certify an FLSA collective action is GRANTED. Permission to issue Plaintiff's proposed notice and consent form to all persons similarly situated is GRANTED, subject to Plaintiff implementing the changes identified in this Order.

The Clerk of the Court is directed to close the motion at ECF No. 20.

Dated: August 11, 2015
New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge